KNIGHTS OF COLUMBUS COUNCIL # 7604, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 98–320T.

United States Court of Federal Claims.

Jan. 8, 1999.

# 662

Thomas M. Regan, Bloomington, Minnesota, for plaintiff.

William K. Drew, U.S. Department of Justice, Washington, D.C., with whom were Assistant Attorney General Loretta C. Argrett, Chief Mildred L. Seidman, Assistant Chief David Gustafson, U.S. Department of Justice, Washington, D.C., for defendant.

## ORDER

BRUGGINK, Judge.

This matter is before the court on the defendant's motion for judgment on the pleadings pursuant to RCFC 12(c). Plaintiff seeks a refund of wagering excise taxes related to its gambling operation. Defendant requests this court to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. Specifically, defendant asserts that plaintiff has not alleged compliance with the regulations promulgated under Internal Revenue Code ("IRC")[1] § 6419. After consideration of the parties' written and oral submissions, the court denies defendant's motion.

## BACKGROUND[2]

The pertinent facts, as alleged by the plaintiff, are as follows. Plaintiff claims tax exempt status pursuant to IRC § 501(c)(8) as a fraternal beneficiary society. It has a gambling license issued by the State of Minnesota and rents space in two local restaurants for the sole purpose of running a pulltab gambling operation.[3] Monies generated from the pulltab operations are deposited in accounts designated exclusively for proceeds related to lawful gambling. The only disbursements from these wagering accounts are for expenses related to gambling operations, including payment of taxes.

For the monthly periods of July 1992 through June 1995, plaintiff paid wagering excise taxes pursuant to IRC § 4401(a)(1)[4] totaling $9849.72. These taxes were paid with money drawn from the wagering accounts. On July 28, 1995, plaintiff filed Internal Revenue Service ("IRS" or "Service") Form 8849, Claim for Refund of Excise Taxes–Protective Claim ("claim for refund"). By letter dated April 30, 1996, the IRS denied the claim stating that plaintiff was not considered tax exempt under IRC § 501(c)(3), which exempts certain corporations or foundations organized exclusively for religious, charitable, or various public interest purposes. Counsel for defendant stated during oral argument that the Service has not yet decided whether to challenge plaintiff's claim of exemption under § 501(c)(8).

On April 6, 1998, plaintiff filed its complaint with this court seeking a return of taxes paid related to its wagering operation. The complaint was filed within the limitations period for challenging the denial of a refund. See IRC § 6532(a). The motion for judgment on the pleadings was filed on September 9, 1998, more than two years after the Service's denial of plaintiff's claim for refund. If the complaint were dismissed, in other words, a new complaint would be untimely.

## DISCUSSION

In its motion for judgment on the pleadings, defendant asserts that plaintiff failed to allege in its claim for refund or the complaint that it complied with regulations promulgated under IRC § 6419. Section 6419(a) provides: "No overpayment of tax imposed by [the wagering excise tax provisions] shall be credited or refunded . . . unless the person

---

1. Section references are to the Internal Revenue Code of 1986, as amended and codified at Title 26 of the United States Code.

2. The facts presented are those which are included in plaintiff's complaint and will be assumed as true for the purpose of this motion.

3. Pulltabs are tickets which contain information that is not revealed to the purchaser until a tab is peeled away from the ticket. The buyer pulls back the tab to reveal whether the ticket is a winning one.

4. Section 4401(a)(1) imposes an excise tax on wagers authorized under the law of the State in which the wager is accepted.

who paid the taxes establishes, in accordance with the regulations prescribed by the Secretary, (1) that he has not collected (whether as a separate charge or otherwise) the amount of the tax from the person who placed the wager on which the tax was imposed...." Defendant argues that no refund of the wagering tax can be granted prior to compliance with these requirements. Consequently, plaintiff's failure to allege *in haec verba* that it complied with the regulations means that it has failed to state a claim upon which relief can granted and thus that the complaint should be dismissed. We do not agree.

As defendant's counsel conceded at oral argument, Form 8849 can be completed to the Service's satisfaction for purposes of evaluating the refund claim without any specific reference to the grounds for exemption set out in the statute. Nor do Form 730, referred to for guidance in Form 8849, or Publication 510, "Excise Taxes," inform claimants that they must specifically allege such grounds. In fact, in denying the refund claim, the Service focused exclusively on whether plaintiff was tax exempt. It did not allege that it was confused as to the precise basis for the claim.

The complaint gives substantial detail concerning the nature of plaintiff's gambling operation and the payment of excise taxes on those operations. Attached are the Form 8849 (the claim for refund) and the Service's letter of April 30, 1996, denying the claim. The letter recites that "your claim for refund is based on Section 4421(2)(B) of the Internal revenue Code" (exemption from excise taxes on wagering due to exempt status under section 501) and classifies the kind of tax refund claimed as an "Excise Tax on Wagering."

Defendant contends that the rules of this court require dismissal because the complaint did not allege either "(1) that plaintiff did not collect the amount of the tax in issue from the persons who placed wagers; or (2)

that plaintiff has either refunded the tax to the persons placing the wagers or filed with the IRS consents of the persons placing the wagers." Def.'s Mot. for J. on the Pleadings, Sept. 9, 1998, at 2. These requirements admittedly derive from the statute itself, which states that no refund will be made unless the taxpayer "establishes" that one of these conditions has been met.[5] The government's argument, in other words, is that, irrespective of whether plaintiff in fact is able to establish that it meets these tests, it has to *allege* in the complaint that it has met this test.

Rule 8(a) of the RCFC states: "Claims for Relief. A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." The Supreme Court has held that this rule requires that defendants receive "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (discussing Rule 8 of the Federal Rules of Civil Procedure (FRCP) which is substantively similar). This is not a strict test, especially in light of RCFC 8(f), which states that "all pleadings shall be so construed as to do substantial justice." Pleading under the FRCP is not "a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.* at 48, 78 S.Ct. 99. Once fair notice is provided, discovery and other pretrial procedures are used to more precisely define the basis of a claim. *See id.*

The Service had no difficulty processing the refund claim. Nor, during oral argument, did defendant's counsel have difficulty explaining plaintiff's theory for why it is entitled to a refund: namely, that plaintiff, being tax exempt under IRC § 501(c)(8), was seeking a refund of wagering taxes which it had

---

5. The regulation basically tracks the statute. *See* 26 C.F.R. § 44.6419–1. It is noteworthy, however, that it recites that "No credit or refund shall be allowed *whether in pursuance of a court decision or otherwise* unless the taxpayer files a statement [that it meets one of the statutory tests.]"

*Id.* § 44.6419–1(b) (emphasis supplied). The regulation, like the statute, in other words, does no more than spell out the elements of proof for recovery. Neither sets up special pleading requirements.

paid to the IRS yet not collected from the persons purchasing the pulltabs. All that is required is that the defendant received fair notice of the claim and its grounds. The court finds that the complaint gave sufficient notice.

### CONCLUSION

Accordingly, based on the foregoing, it is ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is denied.

2) The parties are directed to complete discovery on or before June 30, 1999.

3) Defendant shall file a status report on behalf of both parties on or before May 30, 1999.

4) Once the status report is filed, the court will contact the parties to arrange a telephonic status conference.

